IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUTUMN NICOLE FLYNN;<br>DAVID MICHAEL STANKIEWICZ;<br>BRIAN ROSS HALLIGAN;<br>TOBY JAMES KEITH; and<br>AARON MICHAEL ALIPI SCHELLING | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  21 U.S.C. §§ 846 and 853(a); 28 U.S.C. § 2461(c); and 18 U.S.C. § 981(a)(1)(C) |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or between June 2020 and February 2021, in the Districts of North Dakota, Minnesota, Colorado, and elsewhere,

AUTUMN NICOLE FLYNN;
DAVID MICHAEL STANKIEWICZ;
BRIAN ROSS HALLIGAN;
TOBY JAMES KEITH; and
AARON MICHAEL ALIPI SCHELLING

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

PRIOR CONVICTION

In accordance with Title 21, United States Code, Section 841, the Grand Jury finds the following:

Before AARON MICHAEL ALIPI SCHELLING committed the offense charged in this count, AARON MICHAEL ALIPI SCHELLING had a final conviction for a serious drug felony, namely, a conviction in the East Central Judicial District, Cass County, North Dakota, Case No. 09-2018-CR-00744, on or about May 14, 2018, for Delivery of a Controlled Substance – Methamphetamine, in violation of North Dakota Century Code, Section 19-03.1-23(1)(a)(1), for which he has served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Colorado, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

   3.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities; and

   4.  It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

   In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of the controlled substance offense alleged in Count One, in violation of Title 21, United States Code, Section 846,

AUTUMN NICOLE FLYNN

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Sections 853(a), and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Count One of this Indictment, including, but not limited to the following:

- $26,026.00 in United States currency seized on February 23, 2021.

If any of the forfeitable property as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property;

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Nicholas W. Chase
NICHOLAS W. CHASE
Acting United States Attorney

BMS:ld